Hon. GEORGE ROGERS KING, } *Associate Justices.*
Hon. THOMAS SLIDELL,

## SANDERS *v.* DOSSON, Curator.

A *procès-verbal* of an adjudication for the price of which the purchaser executed his notes with mortgage, though not in the form of a notarial act, being a matter of judicial record, is authentic evidence, such as may form the basis of an order of seizure and sale. Nor is it important that it was not signed by the judge as judge of probates; his signature as parish judge was sufficient. As parish judge, he was probate judge and auctioneer, and clothed with authority to adjudicate the property.

As between the vendor and vendee it is unimportant whether a mortgage given to secure the price be recorded or not. Any objection on account of its not having been recorded, could only be raised by a third possessor.

Letters of curatorship signed by the judge as parish judge and *ex officio* judge of probates, accompanied by the bond and oath of office received by that officer, and attested by his signature as parish judge, is sufficient evidence of a valid appointment as curator.

APPEAL from the District Court of Franklin, *Curry,* J. *Stillman,* for the appellant. *Purvis,* for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff obtained an injunction, restraining the execution of an order of seizure and sale; and, from a judgment dissolving the injunction, has appealed.

The *procès-verbal* of the parish judge of the adjudication made to *Sanders* for which he gave his notes secured by mortgage, upon which the executory process was obtained, is not clothed with the forms of a notarial act; but it is authentic evidence, being a matter of judicial record (*Moore* v. *Louailler,* 2 La. 577), and formed a sufficient basis for the order of seizure and sale. Nor is it

---

*Rost, J. was not present during this term.

SANDERS
*v.*
DOSSON.

important that it was not signed by the judge, expressly in his capacity of judge of probates. As parish judge, he was judge of the court of probates and auctioneer, clothed with authority to adjudicate the property of the succession of *Johnson* ; and his signature of the *procès-verbal* as parish judge, is sufficient.

It was unimportant, as between the succession and *Sanders*, the vendor and vendee, whether the mortgage was duly recorded or not. Such an objection could only be raised by a third possessor.

It is charged in the petition for injunction that, *Dosson*, the plaintiff in the executory proceedings, was not curator of the succession of *Johnson*, his pretended appointment having been made by *James G. Taliaferro*, acting in his capacity as parish judge, in which capacity he had no power to appoint a curator. We are of opinion that a valid appointment was sufficiently established by the letters of curatorship, signed by the judge as parish judge, and *ex officio* judge of probates, and by the bond and oath of office, received by that officer and attested by his signature as parish judge.

The only other ground alleged in the petition for injunction is not charged with certainty, and seems to have been abandoned by counsel.

*Judgment affirmed.*